## Barton v. Edwards, Judge, et al

(Decided May 18, 1911.)

### Appeal from Logan Circuit Court.

1. Local Option Election—Right of Petitioners to Withdraw their Names—Persons who sign a petition for a local option election may withdraw their names from the petition at any time before it is acted on by the county court, and this they may do either in person or by attorney.

2. Absence of Requisite Number of Names—Effect—When an election is sought in an entire county, and the requisite number of names are not left on the petition in a precinct after those are stricken off who so request, the election should not be ordered.

BROWDER & BROWDER and JOHN S. RHEA for appellant.

SELDEN Y. TRIMBLE, S. R. CREWDSON. G. W. MERRITT, R. W. DAVIS, S. J. BROWNING, J. W. LINTON, W. V. PERRY, HOMER FELTS and J. B. GRUBBS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On February 4, 1911, petitions were filed in the Logan County Court signed by the requisite number of legal voters in each precinct in the county asking that an election be held to take the sense of the people of the county on the question whether spirituous, vinous or malt liquors should be sold therein. On the following Monday, February 6, which was the regular county court

day, persons who had signed the petition in the West Lewisburg and South Auburn voting precincts appeared by attorney and presented to the court their written request that their names be stricken from the petition. The county court then heard evidence from the parties and after hearing the evidence, allowed the names of the persons so requesting stricken from the petition. There not being left upon the petition the requisite number of signers in these two precincts to warrant the ordering of an election, he refused to order it. Thereupon this suit was brought against him in the Logan Circuit Court to obtain a mandamus requiring him to order the election. The Circuit Court dismissed the petition and the plaintiffs appeal.

In Simpson v. Commonwealth. 30 R., 132, application was made for a merchant's license to retail spirituous liquors in Bee Spring precinct in Edmondson county. In that case ten persons who had signed the petition for the license, afterwards signed a remonstrance against it being granted, and four who signed the remonstrance asked that their names be stricken from it. Disposing of the question on these facts the court said:

"The neighborhood as designated and determined by the county judge, included within its boundary 69 legal voters. Of these 43 signed the protest or remonstrance against the granting of the license, although ten of this number had previously petitioned the county judge to grant the license. Four of the 43 appeared in open court and asked that their names be stricken from the remonstrance. The judge complied with their request, and this left 39 legal voters in the neighborhood remonstrating against the granting of the license. It is true that ten of this number had previously petitioned the court to grant the license, but they had a right to change their mind and to oppose the granting of the license, if they saw fit to do so, and the county judge was in error when he refused to consider their names upon the remonstrance. He had no right to deny them the privilege of coming into his court and stating to him that, although they had favored the granting of the license, they then, upon a reconsideration, were opposed to it. There were in fact in his court 39 legal voters in the neighborhood recording their protest against the granting of the license. There being 69 legal voters embraced in the neighborhood, and 39 protesting, the county judge should

have refused to grant the license, for [the reason that more than a majority of the legal voters in the neighborhood had protested against the granting of it.''

The question came before this court in a local option contest in O'Neil v. Minary, 125 Ky., 571. In that case the persons who had filed the petitions at the called term of the County Court, appearing at the regular term by at torney and withdrew it. Upholding this action, the court said:

''Although the petitions were filed, still nothing could be done under the statute until the necessary deposit was made to cover the expense of the election, and, until the court had acted upon the petition, the petitioners might withdraw it. It was their petition. They were not required to go on with the proceedings, if they decided to abandon it, and any one of them had the right to withdraw. The attorneys who had filed the petition had prima facie a right to speak for their clients and withdraw the petition in their names. The county judge therefore, when they failed to make the deposit and withdrew their petition, did not abuse a sound discretion in allowing them to do so, although objection was made on behalf of other persons who were not parties to the petition.''

The question was again before us in Davis v. Henderson, 127 Ky., 14. In that case, after the petition was filed at the called term of the county court, when the matter came up at the regular term, ten persons who had signed the petition filed a written statement requesting a withdrawal of their names from the petition. The county court so ordered, and then refused to order the election as it did not have the requisite number of signers to it. Disposing of the matter after referring to our previous opinions, and the rule in other states, we said:

''A petition is but a formal written request or prayer for a certain thing to be done. He who signs it must do so voluntarily; otherwise he cannot be in the attitude of making a request. The signature of the petitioner is but evidence of the request or prayer. In the absence of anything to the contrary, the signature is conclusive. But when the signer appears in court and asks that his name be withdrawn, he indicates that he is no longer a petitioner. To hold that he is, is simply to make him a petitioner by a process of legal coercion which is contrary to the very spirit of a petition. We are therefore of the

opinion that the trial-court did not err in permitting the petitioners in this case to withdraw their names from the petition."

We do not see that the case before us can be distinguished from those cited. What a person may do in court in person, he may do by attorney. Where the genuineness of the signatures to the papers presented to the county court is not conceded or the authority of the attorney to represent the persons is properly put in issue, the court may hear evidence and determine these matters. In this case the court heard evidence and it is not complained that the evidence, he so heard, did not warrant the conclusion he reached. The county court properly struck the names from the petition and refused to order the election.

Judgment affirmed.