## May, et al v. Duncan, et al.

(Decided February 25, 1914.)

### Appeal from Muhlenberg Circuit Court.

1. Intoxicating Liquors—Local Option Election—Petitions.—Those opposing the calling of a local option election should be allowed a reasonable time to present evidence as to the sufficiency of the petition, but are not entitled to time to obtain withdrawals from the petition.

2. Intoxicating Liquors—Petition for Local Option Election.— After the county court has acted on the petition, it is too late to withdraw from it, although the order has not in fact been entered on the order book.

3. Intoxicating Liquors—Local Option Election—Failure of County Judge to Sign Order.—The failure of the county judge to sign the order on the order book until three days after the election does not invalidate the election.

SIMS & RODES, WILLIS & MEREDITH for appellants.

NEWTON BELCHER and BELCHER & SPARKS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On July 27, 1912, a petition was filed in the Muhlenberg County Court signed by the requisite number of legal voters in each of the twenty-one voting precincts of the county asking that an election be held on the question whether the sale of spirituous, vinous and malt liquors should be allowed in the county. The petition was marked by the county clerk filed, but no order was in fact entered on the order book on that day, although the clerk was directed by the judge to enter an order. The petition was filed between three and five o'clock in the afternoon; the judge charged the clerk to be careful that the papers should not get lost; the clerk put them in his pocket and took them home with him; that evening about 8 o'clock, those in the county who were opposed to the calling of the election, learned that the petitions had been filed. They secured attorneys and the next morning about 9 o'clock they obtained from the clerk the petition and made copies of the names, having the papers for that purpose practically all day. On the following Monday morning, which was the first day of the regular term of the county court, the case was called. Those opposed to the order being entered were present with their attorneys and insisted that the matter should be laid over so that they would have an opportunity to get proof. The county court overruled this motion, and after hearing evidence practically all day, the county judge announced about 4 o'clock that he sustained the motion; and directed the clerk to enter the order for the election. The order was drawn up that night, and was in fact signed by the judge, and a copy delivered to the sheriff. The clerk gave the order to his deputy and told him to enter it on the order book, but the deputy neglected to do this. On Wednesday, and before any order had been entered, those opposed to the election being held appeared and presented a writing signed by a number of those who had signed the petition calling for the election, asking that their names be withdrawn from the petition. The county judge refused to entertain the motion on the ground that he had disposed of the matter and the motion came too late. On the same day the order which had been made on Monday was entered on the order book, as well as the order which had been made on Saturday. The election was held on September 28. At that time the orders on the order book above referred to were not signed. The county judge, however, signed them on October 1st, or

three days after the election. The election resulted in a large majority against the sale, and this contest of the election was instituted by those who were opposed to the calling of the election. On the trial of the case the facts we have stated were shown, but there was no attempt to show that the petition was not signed by an adequate number of legal voters in each precinct in the county, and there were no withdrawals from the petition before the county judge acted upon it. The circuit court sustained the election and the contestants appeal.

A number of grounds are relied on for reversal.

1. It is insisted that in calling local option elections those opposed to the calling of the election are entitled to a reasonable opportunity to be heard and to a fair hearing upon the consideration of the petition.

It is the duty of the county judge to call the election when the requisite petition is filed. Those who are opposed to the calling of the election are entitled to a reasonable opportunity to present proof as to the sufficiency of the petition; but they are not entitled to time to obtain withdrawals from the petition, and from all the evidence it is apparent that the object in asking delay on Monday was to get time to obtain withdrawals from the petition. The county judge has a broad discretion and from all the facts we cannot say that he abused his discretion in the proceeding. We have held in a number of cases that the petition may be filed on Saturday and may be acted on on the following Monday. The county court consumed practically all day Monday in hearing witnesses on the sufficiency of the petition; he heard all the testimony that either side had there to offer; and in this contest no evidence has been offered to show that the petition was in any way insufficient.

2. As the matter was heard on Monday and the court had then decided the case it was too late on Wednesday to present withdrawals from the petition. The county judge properly so held, and it was not material that the clerk had failed up to that time to enter the orders on the order book.

3. The fact that the county judge did not in fact sign the orders until after the election was held, does not render the election void. Section 1060 Ky. Stat., is as follows:

"The judge shall cause all orders and judgments of the county court to be spread by the county clerk upon the

record book to be kept for that purpose. The records shall show the day upon which the court was held, and by whom, and shall be signed by the county judge, or the special judge who presided when the record was made; and if the regular judge should for any cause fail to sign the records, they may be signed by his successor; and if the special judge should, for any cause, fail to sign the records made by him, they may be signed by the regular judge."

The purpose of this statute was to avoid the confusion which had resulted from the failure of county judges to sign the orders on the order book and so it was provided that if the reguar judge should for any cause fail to sign the records, they should be signed by his successor or if the special judge should for any cause fail to sign the records made by him, they should be signed by the regular judge. When the record is thus signed by the judge, his signature relates back to the date of the order and the order is entitled to the same respect as if it had been signed by him at the proper time. This was the evident purpose of the statute. To hold otherwise would be to ignore the fact that the statute was put in this shape to avoid the confusion which had resulted from the old rule. There is no question that the record as spread on the order book speaks truth. The orders, as entered there, are just the orders that the county judge ordered to have entered. The clerk simply delayed a day or two in making the entry on the order book and the county judge delayed about two months to sign them; but that they are correct orders there is no question, and as they were in fact signed by him, the date when he signed them cannot be shown to affect their validity. To allow records to be assailed in this way by parol evidence would be to open the door for the evils which the statute was designed to prevent. (Graham v. Lynn, 4 B. Mon. 17), Bennett v. Tierney, 78 Ky., 580, Montgomery v. Viers, 150 Ky., 694.)

The old statute was as follows:

"Before every adjournment the minutes of the proceedings of the court shall be publicly read by the clerk, and corrected, if necessary, and then the same shall be signed by the judge or presiding justice.

"The minutes shall be taken in a book and carefully preserved among the records; and no minute or order or

proceeding of the court shall be valid until the same be read and signed." (Gen. St. p. 307.)

Under this statute it was held that no proceeding of the county court was valid until the order was signed by the county judge. (Garrard County Court v. McKee, 11 Bush 234, Boyd Co. v. Ross, 95 Ky., 167.) The change in the language of the statute shows that the purpose was to change this rule. Under the present statute the judgments of the county court, when signed by the judge are not affected by his neglect to sign them at the proper time. (L. & N. R. R. Co. v. Board of Trustees, 105 Ky., 358, Monarch v. Brey, 106 Ky., 688.)

Judgment affirmed.