# Herrell et al. v. Davenport's Executrix et al.

(Decided Dec. 18, 1935.)

(As Modified on Denial of Rehearing June 4, 1935.)

BARNES & SMITH for appellants.

KIRK & BARTLETT for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

W. O. Herrell, John Herrell, H. M. Herrell, and Ada Petty, in July, 1924, in the Ohio circuit court, recovered a judgment against E. A. Davenport for $750 and interest, and $86.35 costs. An execution was issued on it, directed to the sheriff of the county for execution, and he returned it the 21st day of October, 1925, indorsed, "No property found." Thereafter, in November, 1925, they filed an action in the same court on a return of nulla bona, against E. A. Davenport, R. D. Robertson, Della Robertson, Pearl Kinnimouth, and Rachel V. Davenport, to satisfy the judgment.

It was set out in their petition that R. D. Robertson, in June, 1923, had executed and delivered to E. A. Davenport three notes of $416.66 2/3 each, payable one and two and three years after date, secured by a purchase-money lien on 111 acres of land, described in the petition. It was charged that Robertson was indebted to E. A. Davenport, $1,250, evidenced by the notes; one of them was in the possession of R. D. Robertson, as agent for E. A. Davenport, and the other two in the possession of Rachel V. Davenport, also as his agent; but that E. A. Davenport was the owner of them. E. A. Davenport was proceeded against as a nonresident of the state of Kentucky. A general order of attachment was issued against his property with indorsements thereon to summons R. D. Robertson and Rachel V. Davenport, as garnishees. It was returned executed as to Rachel V. Davenport, and not executed as to R. D. Robertson. After Rachel V. Davenport was ruled to answer, she filed an answer in which she denied she and Robertson held the notes as agents of E. A. Davenport, and further averred "she is now the owner and

holder of said notes and all of them and entitled to the proceeds resulting therefrom and that on all the days, dates and occasions in pleadings and petition mentioned, she was and has been such holder and owner of said notes and all of them''; that ''for a valuable consideration, they were assigned and transferred and delivered to her by her co-defendant, E. A. Davenport.'' She departed this life during the pendency of the action.

The Herrells and Petty filed an amendment to their petition, setting out the probation of the will of Rachel V. Davenport, the appointment and qualifications of Pearl Kinnimouth as executrix of the will.

In the amendment they stated that Pearl Kinnimouth, as executrix, had filed an action in the same court to recover on the three notes of Robertson payable to E. A. Davenport, and to enforce a lien on the land to satisfy the same, and that the notes which she sought to recover on in her action were the same notes referred to in their action, and asked that the actions be consolidated. They filed a petition to be made a party to the action of Pearl Kinnimouth, executrix, against Robertson to recover on the notes of Robertson and to enforce a lien on the land to secure their payments, and asked that it be taken as an answer and counterclaim against the plaintiff and a cross-petition against E. A. Davenport. They restated the history of their action and the substance of the allegations in the pleadings of their action against E. A. Davenport. And again they repeated that the three notes of $416.66 2/3 each, aggregating $1,250, were in possession of Robertson and Rachel V. Davenport ''with the knowledge and consent of the defendant, E. A. Davenport; the said defendant, Robertson, then having possession of the first mentioned note, due one year after date, and the said Rachel V. Davenport having possession of the other two notes due two and three years, respectively, after date, with the knowledge and consent of the defendant, E. A. Davenport, each holding said respective notes and having possession thereof as the agent of E. A. Davenport.''

Their petition to be made defendants was filed, and by agreement of the parties, its affirmative allegations were taken as controverted of record. The motion to consolidate the Herrells' and Petty's action with the action of Kinnimouth was overruled.

The pleadings, exhibits, processes and indorsements thereon, report of the warning order attorney, the rule against Rachel V. Davenport and her response thereto, and their petition for revivor of their action against the executrix of the will of Rachel V. Davenport, were by an order of court made a part of the record and considered as controverted. A motion to require Pearl Kinnimouth, the executrix, to file the original notes was overruled. However, the order states that the original notes and the deed from E. A. Davenport to Robertson were produced and filed. Thereupon, the Herrells and Petty entered an oral motion to continue, the action which was overruled, and the cause was submitted for trial "on the pleadings, exhibits and proof." The court decreed Kinnimouth, as executrix, was entitled to recover the amount of the notes with interest of Robertson and to the enforcement of a lien on the 111 acres to satisfy them. Their intervening petition was dismissed and a decree entered directing they take nothing by it.

The Herrells and Petty are here complaining because the court declined to permit the actions to be consolidated; in refusing to continue, and in dismissing their petition to be made parties and in so far as it was their answer, counterclaim, and cross-petition.

A motion to continue is always addressed to the sound discretion of the court, and unless it appears this discretion has been abused his action will not be disturbed by this court. Crane v. Hall, 165 Ky. 827, 178 S. W. 1096.

The Herrells' and Petty's action had been pending since 1925. The petition of the executrix was filed May 6, 1931. The petition to be made a party was lodged in the clerk's office January 4, 1932. The cause was submitted for trial and judgment rendered on the 15th day of February, 1932.

It is apparent, from the record, the Herrells and Petty had had ample time to prepare for trial. Aside from this, no ground for continuance was made to appear to the court, either by statement or affidavit by them or their counsel. We are not convinced that they were prejudiced by the action overruling their motion to continue; nor are we impressed they were in any way affected by overruling their motion to consolidate the actions. The action of the court did not dismiss their

action filed in 1925. All the relief which they sought, and to which they could have possibly been entitled, under the allegations of the petition filed in 1925, was sought in their petition to be made parties to the action of the executrix against Robertson which was taken as their answer, counterclaim, and cross-petition by an appropriate order of the court.

While the record discloses that the original notes now in controversy and the deed of E. A. Davenport to Robertson were filed in the court below, we do not find them in the record presented to us.

Upon whom did the burden of proof rest? is the strenuously controverted and debated question now presented for our consideration. The Herrells and Petty contend the burden of proof was on the executrix to show the testator's ownership of the notes and the testatrix insists contrarywise. In the petition of the executrix, it is alleged that these notes "for a valuable consideration" were "assigned and transferred and delivered," by E. A. Davenport to Rachel V. Davenport, and "at the time of her death, she was the owner and holder and entitled to the proceeds of the notes and each and all of them."

The Herrells and Petty caused the answer of Rachel V. Davenport, filed in their action against E. A. Davenport and others, to be made a part of their petition to be made a party and the order states it was made a part of their answer, counterclaim, and cross-petition, and the order filing it for this purpose shows that all pleadings, filed as a part of their petition, answer, counterclaim, and cross-petition, were taken as controverted of record.

As we have already stated, the petition of the Herrells and Petty filed in 1925 against E. A. Davenport and others charged that E. A. Davenport was the owner of the notes and Robertson and Rachel V. Davenport were in possession of them as his agents. Their petition to become a party to the action of the executrix, which was taken as their answer, counterclaim, and cross-petition, reiterates this allegation. These pleadings of the Herrells and Petty being controverted of record, and the burden of proof resting upon them to establish the possession of the three notes by Robertson and Rachel V. Davenport as agents of E. A. Davenport, it is plain that in the absence of evidence sustaining this

allegation of their pleading, the court properly dismissed their petition, answer, counterclaim, and cross-petition.

By virtue of section 3720b-49, 3720b-51, 3720b-59, and 3720b-190, the petition of the executrix, having alleged how the testatrix acquired title to the notes and that she was the owner and in the possession of them, was a sufficient pleading to entitle her to a judgment on the notes (Callahan v. Louisville Dry Goods Co., 140 Ky. 712, 131 S. W. 995); especially with the notes filed. Conceding the burden of proof was on the executrix to establish the testator's ownership of the notes, the attachment with notice indorsed thereon, as authorized by subdivision 3 of section 203, Civil Code of Practice, was not executed on Robertson, but was executed on Rachel V. Davenport. If it be conceded that at that time, the latter was in the possession of two notes, as the property of E. A. Davenport, and that the service of the attachment on her created a lien on the notes in her possession (Murphy v. Cochran's Trustee, 80 Ky. 239), with the petition of the Herrells and Petty, taken as their answer, counterclaim, and set-off, controverted of record, in the absence of evidence, the court was justified in deciding that the notes were not in her possession as agent of E. A. Davenport, as alleged by them. And even if it be conceded that describing the notes in the Herrells' and Petty's petition in their action against Davenport and others and also in the petition to become a party, without the issuance of an attachment, with garnishee for Robertson, the payor, created a lien on them, since their petition was controverted of record, without evidence, the court properly denied them relief thereon and dismissed their pleading. This is true, even though Rachel V. Davenport and Robertson, in fact, had possession of the notes, as agents of E. A. Davenport; and it is true even if the burden of proof was on the executrix to establish ownership of the notes, to entitle her to the judgment rendered.

As creditors of E. A. Davenport, the rights of the Herrells and Petty to the notes were no greater than, and were identical with, those of E. A. Davenport. Even though the notes had not been "assigned and transferred and delivered" by E. A. Davenport to Rachel V. Davenport, and for this reason judgment should have been denied the testatrix, still the pleading of the Her-

rells and Petty being controverted, they were not entitled to a judgment because of the failure, or weakness, of the testator's title to the notes, but were only entitled to subject the notes to the payment of their debt, when the truth of their allegations asserted in their pleading was established by some evidence. The notes and deed were filed by an order of the court. Therefore, in their absence from the record in this court, the accepted rule of practice, we must assume they support the judgment rendered in favor of the executrix.

Wherefore, the judgment is affirmed.