## Commonwealth ex rel. Meredith, Atty. Gen., et al. v. Fife, County Judge of Hardin County.

Nov. 11, 1941.

Hubert Meredith, Attorney General, and Lee Hamilton for appellants.

J. E. Wise and J. W. Hodges for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case presents the question as to whether an election shall be held on the proposition of establishing a health department in Hardin County. Section 2054a-2 of the Statutes authorizes the fiscal court to provide for the creation, establishment and maintenance of a county health department. There is this proviso in that section:

"* * * provided, that after such resolution is entered, the voters within thirty days may enter their protest against same by filing with the county judge a petition signed by twenty legal voters requesting that the establishment of such county health departments be done by the vote of the people of such county as herein provided."

On February 10, 1941, the fiscal court of Hardin County provided for the establishment of a health department in the county. Within 30 days after that date a petition signed by 26 legal voters of the county was filed with the county judge. At the next session of the county court and after the expiration of the 30 day period, seven of the persons who signed the petition withdrew their names from it pursuant to a withdrawal petition which also was filed after the expiration of the 30 day period. The county judge permitted seven legal voters who had not originally signed the petition to place their names upon it. He then continued the matter to the next succeeding session of the county court.

The question is, Does the county judge have the right to call an election under the circumstances heretofore related? The appellants vigorously contend that this question must be answered in the negative. They cite cases from this and other jurisdictions in support of the contention that the signers of the petition for an election have a right to withdraw their names from it at any time before the election is ordered. In several cases involving local option elections this Court has construed

Section 134 of the Civil Code of Practice as being applicable to such elections and has held that names may be added to or stricken from a petition any time before it is acted upon. Barton v. Edwards, 143 Ky. 713, 137 S. W. 218; O'Neal v. Minary, 125 Ky. 571, 101 S. W. 951; Gover v. Newton, 154 Ky. 479, 157 S. W. 716; May v. Duncan, 157 Ky. 586, 163 S. W. 1089; Horton v. Botts, 158 Ky. 11, 164 S. W. 352; and McAuliffe v. Helm, 157 Ky. 626, 163 S. W. 1091. However, none of those cases involved the question directly before us, namely, an instance where it has been directed that the petition be filed within a specified time. It seems rather absurd that only 20 voters should be permitted to petition a county-wide election on the question of establishing a county health department; but we are not concerned here with the wisdom of the measure.

The appellants ignore the 30 day period in so far as the withdrawal of names from the petition is concerned, but rely upon it as a bar to the adding of names after the expiration of that period. We think this position unsound. If the local option cases heretofore cited should be deemed applicable to the case before us, granting their soundness in applying Section 134 of the Civil Code of Practice to such cases, we would concur in the view of the trial court in holding that names may be added to or taken from a petition up until the time it was acted upon by the county judge; but we think the ruling of the trial court in refusing to interfere with the actions of the county judge should be upheld on another ground.

An examination of the Annotations in 11 L. R. A., N. S., 372, and 35 L. R. A., N. S., 1113, on the right of signers to withdraw their names from petitions or remonstrances, shows that it has been generally held that such signers may withdraw their names from the petition while it is in circulation and before it has been filed or presented to the person or body to whom it is addressed and also that they may withdraw their support from the petition before it has been acted upon. Those Annotations refer also to several cases in which it has been held that, where the time has expired for the filing of a petition or remonstrance, the right of a signer to withdraw his name has been denied. While those Annotations cite rulings to the contrary, we think common sense and fairness support the conclusion that signers

should not be permitted to withdraw their names from a petition calling an election when such action would defeat the purpose of the petition. If we should adopt the contentions of the appellants and uphold the right of the seven persons to withdraw their names from the petition (the 30 day period having expired), the purpose of the election on the proposition of establishing a health unit in Hardin County would be defeated. The county judge of Hardin County acquired jurisdiction to call the election when, after the expiration of 30 days, he had in his hands a petition signed by more than 20 legal voters. We assume, of course, that a bona fide petition was filed in this instance. If not, the county judge would not be required to call an election. We do not think that signers to petitions calling elections should be permitted to oust the county judge of his jurisdiction under circumstances such as those involved in this case. The parties should not be permitted to mislead the advocates of the election into the belief that a good petition has been filed. To permit them to withdraw their names after the time for filing the petition has expired would be putting the Court in the position of sanctioning what might well be termed deception or even fraud, and this we are not disposed to do. Public policy demands otherwise. The legislature recognized this general proposition when it incorporated into the present local option law, Chapter 1, Acts 1936, Section 2554c-3 of the Statutes, a provision that a signer of a local option petition shall not withdraw his name from it after it has been filed with the county judge.

Wherefore, we think the judgment should be and it is affirmed.

Whole Court sitting.