### EVANS et al. v. MADDOX, Judge.

Court of Appeals of Kentucky.

Sept. 9, 1953.

A. E. Funk, Jr., Middlesboro, for appellant.

Robert J. Watson, Middlesboro, for appellee.

CULLEN, Commissioner.

In an original proceeding in this Court several citizens, taxpayers and voters of the City of Middlesboro seek an order compelling the county judge of Bell County to permit the withdrawal of names from a petition for an election on a public question, which petition had been filed with the county judge.

The petition in question was filed under KRS 89.290, asking that an election be held in the City of Middlesboro on the question of whether the commission form of government for the city should be terminated. The statute requires that such a petition be signed by a number of legal voters equal to one-third of the number of votes cast in the city at the last preceding general election, and upon the petition being filed with the county judge he is required at the next term of court to enter an order directing the election to be held at the next regular election that will be held not earlier than 60 days after the filing of the petition.

The petition here had a sufficient number of signatures and was filed with the county judge on August 1, 1953, which was prior to the beginning of the August term of court. On August 17, (during the term) a hearing was held on the petition, and on that day requests (in the form of affidavits) for permission to withdraw their names were submitted by 308 signers. The withdrawal of this number of names would have rendered the petition insufficient. The county judge refused to permit the withdrawal.

The affidavits of the persons seeking withdrawal of their names each recited that "at the time the affiant signed the petition he did not realize the effect and import of said petition and that he was not given time to fully consider the effect thereof; and that after due consideration he moves this Court for permission to strike his name from the petition * * *." We do not interpret this language as charging fraud; rather it indicates merely a change of mind after further consideration.

As we view it, the question is whether, after a petition of this character has been filed with a court and the time in which the court may or must act upon the petition has arrived, but final action has not yet been taken, the petitioners have a right to withdraw their names.

Annotations in 27 A.L.R.2d 604 and 126 A.L.R. 1031 indicate a divergence of authority on the question of the right of the signer of a petition to withdraw his name after the petition has been filed but before it has been acted upon. In Kentucky, prior to the enactment of the present local option law in 1936, it was held in several cases that a signer of a petition for a local option election could withdraw before the petition was acted upon. See Barton v. Edwards, 143 Ky. 713, 137 S.W. 218; O'Neal v. Minary, 125 Ky. 571, 101 S.W. 951; Gover v. Newton, 154 Ky. 479, 157 S.W. 716; May v. Duncan, 157 Ky. 586, 163 S.W. 1089; Horton v. Botts, 158 Ky. 11, 164 S.W. 352; McAuliffe v. Helm, 157 Ky. 626, 163 S.W. 1091. However, the present local option law prohibits withdrawal after the petition is filed. KRS 242.020.

In Ellingsworth v. Shacklette, 201 Ky. 246, 256 S.W. 395, it was held that names might be withdrawn after the filing of a petition, but in that case the action taken by the court on the petition would have been final action on the proposition submitted by the petition, which we think is distinguishable from a case where the petition merely asks the court to call an election at which the ultimate proposition will be determined. Under the statute involved in the Ellingsworth case, a change in the status of a town would have been effected upon a determination by the court, from the number of signatures in the petition, that a majority of the voters desired the change. In the case now before us, the question of whether a majority of the voters desire a change in the status of the city will depend upon the number of votes cast at the election, and not upon the number of signatures upon the petition. The court merely puts into operation the machinery by which the proposition submitted by the petition may finally be acted upon.

In Commonwealth ex rel. Meredith v. Fife, 288 Ky. 292, 156 S.W.2d 126, this Court held that where there was a statutory limitation on the time within which a petition could be filed, names could not be withdrawn after the time for filing had expired. Although that case is not directly in point here, the opinion points out some of the evils that may result from permitting names to be withdrawn after a court has acquired jurisdiction through the filing of the petition with the court.

We are of the opinion that in a case of this character, involving a petition filed with a court seeking an election on a public question, the petitioners should not be permitted, merely because of a change of mind, to withdraw their names after the petition has been filed. Having invoked the processes of law and the machinery of the court in respect to a matter of public concern, the petitioners should not be allowed to treat the matter as one solely of their private concern, and dismiss the court as though the court was merely their agent. It is entirely foreign to our concept of the orderly processes of law that a court should be compelled to sit by as a mere spectator while the sponsors and opponents of a petition filed with the court engage in a contest behind the scenes to determine whether the petition will stay in court.

As stated in the Fife case, the question is one of public policy. Evidence of the legislative attitude concerning what should be the public policy on questions of this character is found in the local option statute, KRS 242.020, which prohibits the withdrawal of names after the filing of a local option petition.

The application for a writ is denied.