Joseph A. SMITH and Walter M. Smith, Appellants,

v.

Ohmer LANGLEY, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1966.

As Modifed on Denial of Rehearing Jan. 27, 1967.

Stanley A. Stratford, Campbell & Stratford, Louisville, for appellants.

Jack Q. Heath, Louisville, for appellee.

HILL, Judge.

This is an action for personal injuries and property damages arising out of an automobile accident at the intersection of Eastern Parkway and Baxter Avenue in Louisville, Kentucky, at approximately 6:40 a. m., October 10, 1963.

Joseph Smith, the driver of one car, and Walter Smith, the guest of Joseph Smith, filed this action for damages against Ohmer Langley, the driver of the other car. Langley counterclaimed against Joseph Smith. The jury returned a verdict for Langley on the claims of Joseph and Walter Smith against him and a verdict for Langley against Joseph Smith in the sum of $1,958.25. Both Joseph Smith and Walter Smith appeal the judgment.

Eastern Parkway and Baxter Avenue intersect at right angles and both are four-lane roads. Traffic at the intersection is regulated by a multiple-phase light hanging in the center of said intersection.

Joseph Smith was operating his vehicle south on Baxter Avenue at a speed of thirty miles per hour. Langley was traveling west on Eastern Parkway in the left-hand westbound lane. He testified that he stopped for a red light and observed automobiles moving south on Baxter. After the traffic signal changed to green and after observing that the traffic on Baxter had stopped for its red light, Langley proceeded across the intersection. When he was two-thirds of the distance across the intersection, his car was struck in the middle of the right side by the front of the Smith vehicle. At the time of the accident, he was traveling at approximately ten miles per hour. Langley did not see the Smith vehicle until the collision.

Smith testified that when he first saw the traffic signal, his light was red; that before it was necessary for him to decrease his speed, the light changed to green and he proceeded through the intersection; and

that he did not see the Langley car until just a second or two before the collision.

The jury was instructed to find for the party who had the green light. Appellants contend that the trial court erred in refusing their offered instruction requiring Langley to keep a lookout and to exercise ordinary care in the operation of his motor vehicle and cite Maclin v. Horner, Ky., 357 S.W.2d 325.

Our only question on this appeal is: Should the jury have been instructed that each party had the duty to keep a lookout and to exercise ordinary care in the operation of his vehicle?

■ To justify an instruction on a particular issue, the evidence must raise the issue. Mann's Ex'r v. Leyman Motor Co., 234 Ky. 639, 28 S.W.2d 956. Appellants contend that the "lookout issue" was raised when Langley testified that he did not see Smith's car before the impact. While there was no showing of the distance between the Smith car and the intersection when Langley entered it, it is evident from the physical facts that it was some distance from the intersection. Consequently, there is no real issue. Even if Langley had seen the Smith car before starting into the intersection, he could have legally assumed that Smith would stop as Smith was a considerable distance from the light and was traveling at a reasonable rate of speed and could have easily done so. Langley did not see the Smith car, but this does not mean he was not keeping a lookout as the Smith car was a good distance from the intersection. He observed other cars on Baxter Avenue and noted that they had stopped. Under the particular facts of this case, the failure to keep a lookout was not a substantial factor.

■ The only real issue in this case is which person had the green light. This court said in Barker v. Sanders, Ky., 347 S.W.2d 529, "It is a logical conclusion that in any case where the issue of liability can be reduced to whether one party or the other had the right-of-way it is unnecessary to instruct on any duty except simply that of yielding. * * *" We continued in Meadows v. Bailey, Ky., 350 S.W.2d 630: "In such a case there is no necessity for cluttering the instructions with enumerations and definitions of duties other than the particular duty involved, which necessarily covers all the others."

Our holding here is not inconsistent with the case of Maclin v. Horner, supra. We held in that case that the question of instruction on general care turned on whether or not real issues were raised by the evidence. The matter of lookout was raised by questions which elicited the answers that neither driver saw the other's car until a moment before the collision. But there, both drivers entered the intersection at the same time, each driver maintaining that the green light was in his favor. However, in the present case, Langley entered the intersection several seconds before Smith and when Smith was some distance away.

The net import of Maclin was that instructions on lookout and ordinary care were not improper or prejudicial. We did not hold, as appellants would have us hold in this case, that they were required. It is concluded the instructions were properly submitted on this issue.

The judgment is affirmed.