**Kelly COLWELL, Petitioner,**

**v.**

**Honorable Don A. WARD, Judge, Perry Circuit Court, Respondent.**

Court of Appeals of Kentucky.

April 26, 1968.

Rehearing Denied May 24, 1968.

Edward F. Prichard, Jr., William L. Brooks, Marvin B. Coles, Frankfort, for petitioner.

W. Ernest Faulkner, Reeves, Barrett, Cooper & Ward, Hazard, for respondent.

DAVIS, Commissioner.

The petitioner herein, who by indirect allegation appears to be a qualified voter residing in the area in question, seeks an order directing the respondent Judge of Perry Circuit Court to vacate an order of December 11, 1967, which incorporated as a sixth-class city the community of Combs in Perry County. The petitioner further seeks an order prohibiting the respondent from entering any further order or judgment authorizing or directing the incorporation of the city "until said respondent has judicially determined, after testimony

under oath, whether the petition filed in the Perry Circuit Court seeking such incorporation has a sufficient number of signatures from qualified voters residing in the area to be incorporated to meet the requirements of Kentucky Revised Statutes 81.050." There is no response.

In substance, the petition herein alleges that a petition seeking incorporation of Combs was filed in the Perry Circuit Court on October 18, 1967, bearing 146 signatures, being eight more than the two-thirds of the number of qualified voters in the area required by KRS 81.050; that thereafter, on December 8, 1967, a remonstrance was filed by 87 of the persons who had signed the petition, seeking that their signatures be withdrawn from the petition or nullified on the ground that they "were induced to sign said petition on the representation that the petition was for the purpose of securing better police protection for the town of Combs, and they did not understand that it was a petition to incorporate as a sixth class city"; that there was sworn testimony presented to the court at a hearing on December 8, 1967, by the persons who had secured the 87 signatures to the remonstrance (the petition does not allege that the testimony was to the effect that the signers were in fact misled as to the purpose of the original petition for incorporation); that despite the testimony supporting the remonstrance the judge entered the order incorporating the city;[1] that the petitioner herein subsequently moved to vacate the order of incorporation, and at a hearing on December 29, 1967, on that motion he offered to produce witnesses who would testify in support of their affidavits filed with the motion to vacate (the petition does not say what facts the affidavits set forth); but the court entered an order overruling the mo-

tion to vacate, which order recited that a hearing had been held on the motion. The petition contains allegations of lack of jurisdiction, violation of legal rights (including due process and equal protection), the prospect of irreparable injury and the absence of a remedy by appeal.

In the memorandum of authorities submitted by the petitioner, no mention is made of Schaetzley v. Wright, Ky., 271 S.W.2d 885, or of Moore v. Smith, Ky., 307 S.W.2d 191. In substance, those cases hold that since the legislature, by denying an appeal from a judgment incorporating a city, KRS 81.060, has indicated its intent to deny any review of routine or ordinary errors of the trial court in entering such a judgment, this court will not exercise its power of control under Section 110 of the Kentucky Constitution unless there is some error of an extraordinary nature, resulting in an abuse of the judicial processes or constituting a miscarriage of justice, or unless there is some misuse or usurpation of authority by the lower court.

In the instant case the petition does not allege that the circuit court denied a hearing or otherwise acted arbitrarily; on the contrary, it shows that the court held two hearings and heard testimony. The most that can be gleaned from the petition is the allegation that the court simply got the wrong answer. For all we can tell the court may have based its ruling on the proposition that after a petition seeking court action has been filed a petitioner will not be permitted, merely because of a change of mind, to withdraw his name.[2] If it should be considered that the court erred in that regard it was an ordinary or routine error and not a miscarriage of justice.

---

1. The record of the proceedings for incorporation, late tendered in this court by the petitioner, does not bear out the allegations of the petition. It shows only *one* pre-judgment remonstrance, and does not show that there was any pre-judgment request for withdrawal of names.

2. On the subject of withdrawal of names from a petition see Ellingsworth v. Shacklette, 201 Ky. 246, 256 S.W. 395; Evans v. Maddox, Ky., 260 S.W.2d 661; Coffey v. Anderson, Ky., 371 S.W.2d 624; Howell v. Wilson, Ky., 371 S.W.2d 627.

It is our opinion that this case is indistinguishable in principle from *Schaetzley* and *Moore,* and therefore we decline as in those two cases to grant relief by way of prohibition.

In passing, as concerns the claim of irreparable injury, we observe that should the incorporation prove to be contrary to the desires of a majority of the voters there is a statutory procedure for dissolution of the city, KRS 88.020.

The petition is denied.

All concur.