**Jerry T. WALKER, Appellant,**

v.

**George L. FARMER, Appellee.**

Court of Appeals of Kentucky.

May 17, 1968.

Fred J. Karem, Karem & Karem, Louisville, for appellant.

Joe H. Taylor, Hogan, Taylor, Denzer & Bennett, Harry L. Hargadon, Jr., Louisville, for appellee.

WADDILL, Commissioner.

The claims asserted in this action arose out of an accident, involving the automobiles driven by appellant Walker and appellee Farmer, which occurred near the center of the intersection of Twelfth and Hill Streets in Louisville. Walker was operating his automobile west on Hill Street and Farmer was driving his automobile north on Twelfth Street. Each of these men was alone in his car and each testified

that the traffic light was green in his favor when he entered the intersection. The only other witness to the accident testified that Walker entered the intersection on a red traffic signal. Each party sought damages against the other for personal injuries and damage to his automobile. The jury accepted Farmer's version of the accident and rendered a verdict in his favor in the sum of $2,000 and, from the judgment entered accordingly, we consider Walker's ground for reversal.

Appellant contends that the trial court erred in failing to grant him a continuance. The accident occurred during the afternoon of February 12, 1965. Appellee filed this action against appellant on March 5, 1965. Appellee moved for and was granted a default judgment on April 16, 1965, and the case was assigned for hearing on June 9, 1965, for the purpose of assessing damages. However, upon appellant's motion and affidavit the default judgment was set aside and appellant was permitted to file an answer and counterclaim. The case was then reassigned for trial on June 6, 1966.

When the case was called for trial appellant moved for a continuance and filed an affidavit signed by his brother, William Walker. In summary, therein it was stated that he had been trying to locate someone who had seen the accident happen, but he had been unsuccessful until June 5, 1966, when he received a response to his newspaper advertisement for witnesses from Mrs. Catherine Hillerich, 3536 Michigan Drive, Louisville, who informed him that she and her husband had seen the accident. In appellant's motion for a continuance he stated that the testimony of the Hillerichs was vital to his case, that the Hillerichs could not be available for the trial on June 6, 1966, and that the case should be continued so appellant would have the benefit of the testimony of these witnesses. Acting upon this motion the trial court postponed commencement of the trial until 2:00 p.m. on June 6, 1966, to allow appellant time to get the Hillerichs to appear in court.

However, when appellant was unable to produce them within the time allowed, the trial court would not permit a further delay of the trial. The question is whether, under these circumstances, the trial court erred in overruling the motion for continuance.

██ Ordinarily, the trial court has a broad discretion in granting or refusing a continuance of a trial and, unless it appears there has been an abuse of discretion, the ruling made on the motion by the trial court will not be disturbed by this court. Farris v. Evans, 289 Ky. 418, 158 S.W.2d 941; Herrell v. Davenport's Ex'x, 259 Ky. 514, 82 S.W.2d 506. However, in the instant case neither appellant's motion for continuance nor the affidavit filed in support of it shows what testimony the Hillerichs would give. A statement of the facts the absent witness would relate upon trial should be incorporated in the affidavit and this requirement is expressly provided for by CR 43.03. Compliance is necessary before a continuance may be granted. See Clay, CR 43.03, Author's Comment 2; Harlan-Central Coal Co. v. Gross, 298 Ky. 540, 183 S.W.2d 550. Since appellant failed to comply with CR 43.03 there was no basis for the motion for a continuance and the trial court properly overruled it.

A more difficult question is presented concerning whether the trial court abused its discretion in overruling appellant's motion for a new trial. The basis for this motion was that the Hillerichs would testify they were eyewitnesses to the accident and that the traffic light was green in appellant's favor when he entered the intersection at Twelfth and Hill Streets on February 12, 1965. The trial court then permitted appellant to take the Hillerichs' depositions to complete the record for the appeal, but the trial court refused to grant a new trial. Apparently the court was not convinced that appellant had used reasonable diligence to timely locate and interview prospective witnesses, including the Hillerichs.

Under this record the only ground for a new trial that is arguable is that of newly discovered evidence which is governed by CR 59.01(7). This rule reads:

"Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." (Relief from final judgments under CR 60.-02 on grounds of newly discovered evidence requires the same standard of diligence as Cr. 59.01(7). See Clay CR 60.-02, Author's Comment 5.)

■ We realize that the Hillerichs' testimony is very material to appellant's side of the case, nevertheless the decisive question before the trial court was whether appellant had shown that he used reasonable diligence to discover and to produce his witnesses at the trial. The accident occurred February 12, 1965, and the trial was held June 6, 1966. Hence, appellant had had approximately sixteen months to search for witnesses. Yet, so far as we are informed, the Hillerichs were discovered as witnesses only one day before the trial was set and no legal steps were taken to procure the Hillerichs' presence in court on June 6, 1966. Furthermore, appellant failed to file an affidavit showing what the Hillerichs would say upon the trial of the case.

■ According to Henry Hillerich, he telephonically talked with appellant's brother on June 5, 1966. The following excerpt from his post-trial deposition shows why he did not want to appear in court:

" * * * Q. And you never heard of this accident again until you saw the advertisement in the newspaper; is that right?

"A. Yes sir.

"Q. Who called the advertisement to your attention?

"A. My wife.

"Q. Who did you contact about that advertisement?

"A. It was in the paper. It had the phone number and it said accident, and I called and that was all there was to it. I talked to Mr. Walker's brother.

"Q. Why couldn't you come to Court the next day?

"A. The next day?

"Q. Whenever it was—shortly after that we had a trial.

"A. I explained to Mr. Walker that night over the phone. I don't mind helping anybody I think is right, but I don't want to be involved in Court doings. My wife was sick and we had a lot of trouble and I don't want to be involved in anything like that; that is just the way I am. I can't help it. * * *."

Under the facts presented we cannot reasonably say that the trial court abused its discretion in overruling the motion for a new trial. Whelan v. Memory-Swift Homes, Inc., Ky., 315 S.W.2d 593; Carr v. Brownfield, Ky., 255 S.W.2d 623.

■ The instructions given by the court submitted the case on the single issue of which driver violated the traffic light and instructed the jury to find against the party who entered the intersection on a red light. Appellant contends that the trial court should have instructed the jury that "it was the further duty of the driver of each vehicle not to enter the intersection on the green light if the other vehicle was already in the intersection."

The right front fender and side of appellee's automobile were damaged which strongly tends to show that appellant's automobile ran into it. The testimony of N. J. Scarlott was that he was traveling north on Twelfth Street and stopped at the intersection of Hill Street in obedience to a red traffic light. When the light turned green in his favor he started into the intersection, saw appellant's automobile ap-

proaching the intersection going west on Hill Street was not going to stop, so Scarlott stopped. As we understand Scarlott's testimony, it shows that appellant ran the red light.

We believe the instructions given were proper and adequate. Schweitzer v. Good, Ky., 380 S.W.2d 809; Lincoln Taxi Co. v. Rice, Ky., 251 S.W.2d 867. The issue in the case was centered around which party ran the red traffic light. This is one case in which we feel assured that the jury understood the issues and the instructions.

 It is contended that appellee was guilty of contributory negligence. The evidence does not justify such a conclusion as a matter of law. Hence, the question should have been discussed in counsel's argument to the jury. It is further contended that the verdict is excessive. We have examined the items of damage and find that the verdict of $2,000 was justified.

The judgment is affirmed.

All concur.