Doris SWARTZ, Appellant,

v.

Richard HUMPHREY et al., Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1969.

Theodore Wurmser, Louisville, for appellant.

Ernest H. Clarke, David W. Brangers, Louisville, for appellees.

DAVIS, Commissioner.

The issue before us arises from a two-car collision which occurred at the intersection of Shelby Street and Broadway in Louisville about dark on a December afternoon when the street was dry. The sole ground for reversal is the alleged error in the court's refusing to give instructions tendered in behalf of the plaintiff-appellant. The jury found for appellee Humphrey.

The appellant was a passenger in an automobile which 'her husband was driving southwardly on Shelby Street. The appellee was operating an automobile eastwardly

on Broadway. Shelby Street is a one-way street for southbound traffic; Broadway affords travel for eastbound and westbound traffic. The flow of traffic at the intersection of the two streets was controlled by an electric traffic signal operating on a cycle from green (go) to yellow (caution) to red (stop). In its cycle the light changed from red directly to green. No evidence was presented as to the timing of these changes.

Appellant's evidence reflected that her husband had been required to reduce the speed of his car just before reaching the Broadway intersection because of the parking of a vehicle on the west side of Shelby Street. Appellant's husband said that he shifted into second gear and proceeded at a speed of about five miles per hour and entered the intersection while the light showed green in favor of Shelby Street traffic. Broadway is an unusually wide thoroughfare, although the record does not reveal its exact width. It was shown by all the evidence that the Swartz car had reached a point some ten or twelve feet south of Broadway's center line in the southwest quadrant of the intersection when it was struck broadside by the Humphrey car.

Humphrey testified that when he was about 150 feet west of the intersection he saw that the traffic signal was green in his favor. He said that he proceeded into the intersection at a speed of approximately thirty miles per hour and did not see the Swartz car until the moment of collision. Humphrey said that there were at least three automobiles in a line which were stopped at the intersection and which were eastbound on Broadway in the travel lane just to the left of the travel lane being used by him. Humphrey testified that he knew that Shelby Street was one way for southbound traffic and realized that the stopped cars were not expected to turn left into Shelby Street.

The trial court refused instructions tendered in behalf of the appellant which would have imposed reciprocal duties upon the two drivers as to the general exercise of ordinary care so as to avoid colliding with other vehicles, to keep their vehicles under reasonable control, to keep a lookout ahead for other vehicles in front or so near thereto as to be in danger of collision, and to observe traffic regulations governing the flow of traffic at the time and place of the collision. Relying on Smith v. Langley, Ky., 410 S.W.2d 151, the trial court substantially instructed the jury that the accident was solely caused by the negligence of whichever driver entered the intersection against a red light. To put it another way, the jury was instructed that no negligence could be ascribed to whichever driver entered the intersection on a green light. In the circumstances at bar, we conclude that the court erred in so narrowly defining the law.

As early as Lincoln Taxi Company v. Rice, Ky., 251 S.W.2d 867, this court recognized the propriety of limiting the instructions so that the law is for the driver having the green light. In that case it was expressly observed in pertinent part:

"If the parties should so frame the issues on the trial that the only negligence charged against either party consisted of running the red light, the instructions given in the case before us would be adequate. There would be no need to instruct on proximate cause under those circumstances, because the accident would clearly as a matter of law be a proximate result of the violation of the statutory duty." Id., Ky., 251 S.W.2d 870.

Significantly, the court directed that if an issue arose on another trial of the case " * * * as to whether one driver, though having the light in his favor, negligently failed to observe other duties owed by him, instructions should be given concerning those duties, if requested, and the question of proximate cause should be submitted to the jury." Id., Ky., 251 S.W.2d 870.

In Maclin v. Horner, Ky., 357 S.W.2d 325, we again considered the question of whether the instructions, at an intersection

controlled by traffic signals, should properly be limited to the narrow issue as to which driver had the green light. It was pointed out in Maclin that when a passenger-plaintiff is involved consideration should be given as to whether issues of negligence have been raised other than the simple one of running the light. In Maclin it was held that the instructions properly covered matters other than which driver had the green light.

In Barker v. Sanders, Ky., 347 S.W.2d 529, we held that where an issue of liability can be reduced to whether one party or the other had the right of way, it is then unnecessary to instruct the jury on any duties except that of yielding.

In Meadows v. Bailey, Ky., 350 S.W.2d 630, the same principle was recognized. In Meadows the only issue was which of two meeting drivers invaded the other's side of the road.

In Smith v. Langley, Ky., 410 S.W.2d 151, the facts are strikingly similar to those in the case at bar, although there are certain significant differences. These differences are catalogued in appellant's brief as follows:

| Smith v. Langley Ky., 410 S.W.2d 151 | Swartz v. Humphrey |
| --- | --- |
| 1. The defendant-appellee Langley had stopped for a red light at the intersection. | 1. The defendant-appellee Humphrey never stopped or slowed down as he approached the intersection. |
| 2. The appellee Langley never entered the intersection until he saw all opposing traffic come to a stop. | 2. The appellee Humphrey entered the intersection in complete disregard of traffic stopped both on his own street and opposing traffic trapped in the intersection. |
| 3. The appellee Langley had gotten two-thirds of the way across the intersection before being struck by the appellant (who entered the intersection last). | 3. The appellant Swartz had gotten two-thirds of the way across the intersection before she was struck by the appellee (who entered the intersection last). |
| 4. The appellant ran into the appellee. | 4. The appellee ran into the appellant. |

In Smith v. Langley we approved the limited instructions, but only because of the particular facts of that case.

In Walker v. Farmer, Ky., 428 S.W.2d 26, we again approved instructions limited to the issue as to which driver had the green light. It was observed in Walker: "The issue in the case was centered around which party ran the red traffic light." Id., 428 S.W.2d 30. In Walker the adverse drivers were alone in their respective cars, and each testified that the traffic light was green in his favor when he entered the intersection. There was nothing in the factual situation in Walker or in Smith v. Langley comparable to the factual situation now before us as respects the admitted presence of three automobiles stopped at the intersection as Humphrey approached it. It is noteworthy that in all of the proceedings in which we have approved confining the instructions to narrow issues we have observed that the parties framed the issues on trial so that the only negligence in issue was that submitted by the instructions. That may not be said of the present case. The witnesses for appellant

swore that the Swartz car entered the intersection on a green light. The fact that three cars were waiting on Broadway at that intersection lends some credence to the evidence that the Swartz car started into the intersection on a green light. Since no westbound Broadway traffic was encountered by Swartz, further credence is given his evidence that he entered on the green light. As observed, appellees' evidence was that the Humphrey car had the green light when it entered the intersection. The instructions given simply did not encompass the appellant's theory of the case. The jury was entitled to believe that the Swartz car entered the intersection on a green light and that before it had slowly crossed the wide street the light changed to green for Humphrey. In such a circumstance, Humphrey had the duties of keeping a lookout and exercising ordinary care to avoid colliding with the Swartz car. The green light did not afford Humphrey carté blanché assurance that he could go through the intersection without regard to the prevailing traffic conditions in it. "A green light, or 'go' signal, is not a command to go regardless of other persons or vehicles that may already be at the intersection but is a qualified permission to proceed carefully in the direction indicated." Roland v. Murray, Ky., 239 S.W.2d 967, 970. See also George v. Evans, Ky., 405 S.W.2d 285.

▆▆ To recapitulate, we hold that the limiting of instructions to the narrow issue of which driver had the green light should be done only in those instances in which the parties have so framed their contentions that the only issue between them is the question of who had the green light. Usually, this situation will not arise except where two cars collide at an intersection, in circumstances which do not give rise to a passenger's claim, and in which there are no extraneous factors tending to put either driver on notice of probable danger in proceeding on the green light. It is our view that the present case is not one warranting such limited instructions, and it was error for the trial court to refuse instructions

tendered by appellant looking toward advising the jury of Humphrey's duties to keep a lookout and to operate his car with ordinary care so as to avoid colliding with other vehicles in the intersection.

The judgment is reversed for proceedings consistent with the opinion.

All concur.