## Tipton v. Boian (three cases).

October 18, 1949.

Rehearing denied December 8, 1949.

466

E. B. Rose and J. M. Wolfinbarger for appellant.

Shumate & Shumate for appellees.

·JUDGE CAMMACK—Affirming.

Kelly Tipton is appealing from judgments rendered against him in favor of the appellees, W. H. Boian and his infant daughters, Ruth and Allene. The judgments were the outgrowth of a collision between Tipton's car and the Boian car, which was being driven by Ruth Boian. Reversal is asked on the grounds that the judgments are not supported by the evidence and incompetent testimony was admitted upon the trial.

The accident occurred shortly before daylight just west of Irvine on the south side of the highway which runs toward Richmond. Tipton's car was headed in the direction of Richmond, and the Boian car was headed in the direction of Irvine. The lights of both cars were on, as were those of Harry Tipton's car which was parked in front of a filling station near the place where the Boian car went over an embankment. There is little conflict in the testimony as to the place where the Boian car went over the embankment; however, there is sharp conflict as to the course followed by that car just before it went down the embankment.

Tipton said he stopped his car off the pavement to the west of the garage, which is back some 30 feet from the paved highway. The lights of his car were shining over into a field to the west of the garage. His reason for stopping at the garage was to pick up the occupants of Harry Tipton's car which had preceded him to the garage. Harry Tipton's car was parked in a driveway on the east side of the garage with the lights burning. As the other parties were getting in his car, the Boian car came around a curve from the west, and instead of proceeding on down the highway, it pulled in front of the garage as though it was going to park there. But instead of doing so, it struck the left front fender of his car, then tore off the rear bumper on the right side of Harry Tipton's car, then crossed the driveway and hit a pile of shale, and proceeded along the shoulder of the main highway to the point where it went

over the embankment. Pieces of the radiator grill of the Boian car were found near the shale pile, and a hub cap from it was found near a sign a short distance west of where it overturned. Other witnesses substantiated Tipton's version of the collision. According to the testimony of the Boian girls, their car was crowded off the highway by the appellant's car. The Boian girls said that as they came around the curve to the west of the garage they observed the lights of an automobile approaching them. As they approached this car it began to cut across the road sharply to the left and in the path of their car. Ruth Boian, who was driving, said she pulled her car to the right with both right wheels on the shoulder of the highway in order to avoid a collision with the oncoming car, but that it continued to come toward her car, striking it near the center and causing it to turn over down the embankment. The Boian girls said also they saw a car parked in front of the garage with the lights on, but that their car did not strike it and at no time was off the paved part of the highway until appellant's car struck them. Two witnesses for the appellees, who visited the scene several hours after the accident, said they saw car tracks at the point where the Boian car went over the bank, and that they found metal pieces of the radiator grill at that point.

It would be hard to conceive of a case where there could be sharper conflict in the testimony as to the courses followed by two cars immediately before collision than in the case at bar. Clearly the case was one for the jury. As said in the case of Southeastern Greyhound Lines v. Klatt, 300 Ky. 505, 189 S. W. 2d 731, it is not for us to interfere with the finding of the jury where there is conflicting evidence merely because the finding is not supported by a preponderance of the evidence. Here the preponderance of the evidence, insofar as the number of witnesses was concerned, was in favor of the appellant. On the other hand, the Boian girls told a plausible story as to how the accident occurred, though it is true there was only slight damage to the left front fender of the appellant's car.

Complaint is directed to the evidence of the two witnesses for the appellees who visited the scene several hours after the accident. It is to be noted that there was no material conflict in the evidence as to the

place where the Boian car went over the embankment. Obviously there were tire marks at that place. The appellant's testimony showed that pieces of the grill were found near the shale pile, while the appellees' witnesses said that pieces of it were found near the place where the Boian car left the highway. It strikes us that this evidence was of little consequence since the primary question for the jury to determine was the course followed by the Boian car prior to the time it went over the embankment.

Judgment affirmed.