## Fono v. Hinton

June 6, 1950.

Ridley Sandidge, Special Judge.

214

O. M. Smith, for appellant.

G. S. Milam, for appellee.

MORRIS, COMMISSIONER—Affirming.

Appellant, plaintiff below, sought to recover of defendant $650 for damage to her automobile and loss of its use for a period of 30 days. In her petition she alleged that the accident occurred in August of 1948 while she was operating her car, driving northwardly towards Owensboro on Highway No. 75, and defendant while operating a car owned by him, colliding with her car and causing the damage for which she sought recovery. She alleges that she was operating her car in a lawful manner, but that defendant so negligently operated his car as to cause the collision, resulting in the injury.

Defendant answered, first denying the allegations of plaintiff's petition, and then counterclaimed, alleging injury to his car to the extent of $100, charging that the collision was brought about by negligent operation of plaintiff's automobile. A reply controverted the allegations of the counterclaim. Upon submission after proof and instructions, the jury returned a verdict holding both parties guilty of negligence as per Instruction No. 3.

Judgment was entered in accord with the verdict, the Court dismissing the petition and counterclaim and overruled plaintiff's motion for new trial and granted appeal. Defendant has not moved for cross appeal.

While the motion for new trial was supported by six or more grounds, on appeal counsel for appellant contends that "the evidence is conclusive as to defendant's negligence," and mildly complains that the Court erroneously refused three instructions offered by plaintiff. At this point we observe that the Court refused all instructions offered by both parties, and gave a full and fair set of instructions covering every phase of the case. The main contention is that the Court failed to give No. 3, which appears to have been a sudden appearance or

emergency instruction. There was no error in that failure, as will be seen by a brief recital of the evidence.

Appellant while contending that the evidence was conclusive as to negligence of the defendant, in brief it is argued that the verdict was contrary to the "preponderance of evidence." We have held that we will not interfere with the finding of a jury where the evidence is conflicting, merely because the finding is not supported by a preponderance of the evidence. Tipton v. Boian, 311 Ky. 465, 224 S. W. 2d 431.

Appellee contends that there was sufficient evidence of negligence on the part of plaintiff to justify submission, and this being a question for the jury the Court should decline to reverse the judgment. Appellee's brief is in the main directed to a showing of negligent operation of his car by Mr. Hinton. The only question here is, Was there a sufficient showing of negligence on Mrs. Fono's part to take the case to the jury, admitting for the purpose of argument that Mr. Hinton was guilty of negligence, as the jury found?

Mrs. Fono testified that she was driving her car south from Owensboro towards Russellville, on her right side of the road; she came over a little hill and saw Hinton's car traveling in the same direction. She fixed the distance at which she first observed his car at 100 yards, traveling slowly in the same direction. Asked if he changed his course, she said, "Well, he was driving along the highway, going down hill; he started angling over the line very slow; he got to the left side of the road, and I saw the mail box, and his wheels were on the gravel, and I thought he was going to stop at the mail box and when I got by him he turned to the right. He did not give any signal."

The proof then takes a turn difficult to understand. Mrs. Fono was asked, "Did he go to the mail box? Ans. He went all the way over to the gravel." She said after she saw him start out into the highway she applied her brakes and blew the horn, but did not know which action was first. She said she struck Hinton's car on the right fender with the left side of her bumper and grill. The impact turned Hinton's car three-quarters around and it landed in a ditch on the right side of the highway. She testified that Hinton's car was on her side directly across the highway, and testified that she was going 35

miles per hour. However, on cross-examination she said after she came over the hill she was going about 40 miles per hour, though she reduced her speed by about 10 miles. She was asked, "You were intending to pass him," and she replied, "Not on the right side." She also said that after she applied her brake she stopped in about 20 feet; this was when the impact occurred. She also said that when she saw Hinton pull over to the mail box she thought he was a mail carrier. Mrs. Fono's 11 year old nephew was riding in the back seat of the car at the time, and testified about as had his aunt, except that he said Mr. Hinton came out of a side road a little distance in front of their car. He also said their car skidded about 25 feet. The sheriff, who reached the scene shortly after the accident, testified for defendant that the skid marks made by plaintiff's car covered a distance of 35 feet; he also said that Hinton's car was struck on the right rear fender, and from marks on the road testified that the rear of Hinton's car was about 3½ or 4 feet on the highway.

Mr. Hinton's testimony was brief, and we only refer to it as showing the conflict in evidence. He apparently lived near by the place where the collision occurred. He testified: "I was working on a fence and had pulled my car off the highway and parked it on the right hand side; at the time of the accident I was going to the house; I got in the car and looked in both directions and saw no one. I was off the highway and pulled up gradually and intended going up 40 or 50 feet to the approach of a lane, and then I intended to turn and go back to my house. At no time was I across the middle line of the road. When I turned to the right to make my turn I heard tires, then a horn and then a rattle; it was all in a split second." He said he did not come out of a lane or road; that he heard no horn sound until after the application of brakes, and that he did not know the Fono car was behind him. He admits he gave no signal because he looked in both directions and saw no car coming in either direction. He said that after the impact he went to the plaintiff's car and asked if she or the boy were hurt, and said that Mrs. Fono said "No, fortunately the boy was lying down on the back seat." Plaintiff denied this statement.

It does not seem necessary for us to analyze the testimony of plaintiff in order to show that from her own proof the jury could well conclude that at the time plain-

tiff did not fulfill the statutory duty of operating her car in a careful manner and with due regard for the safety and convenience of other vehicles upon the highway, and of exercising that degree of care to avoid collision with other vehicles on the highway. The situation as described by her after she had come over the slight rise in the road, and seeing defendant's car moving slowly, and in an uncertain way and thinking he was a mail carrier and about to go to a mail box, assuredly required a greater reduction of speed than she says she made. The skid marks were described in such a way as to show that her speed just before the accident did not indicate prudent and careful operation of her car.

Under certain circumstances it may be negligent to travel within permissible speed limitations, or take other precautionary steps, where in other cases it would not amount to negligence. Rose v. Edmonds, 271 Ky. 36, 111 S. W. 2d 427. We are of the opinion that the evidence here was such as to authorize the jury to find as it did, that both parties were negligent in the operation of their respective cars. Being of this opinion we must and do affirm the judgment.

Judgment affirmed.