## CLARK et al. v. FINCH'S ADM'X.

Court of Appeals of Kentucky.

Feb. 6, 1953.

Stoll, Keenon & Park, Charles Landrum, R. W. Keenon, Lexington, for appellants.

J. Douglas Graham, Campton, Strange & Pendleton, Stanton, for appellee.

DUNCAN, Justice.

The judgments appealed from were rendered in five separate actions tried together in the lower court and consolidated here for a consideration of the appeals.

On the afternoon of August 6, 1950, a truck driven by appellant, William Rolla Clark, and owned by appellant, Carl Schneider, collided with a truck owned and driven by Scobie Finch, deceased. The accident occurred on a straight section of Highway 15 near the town of Stanton. Both trucks were traveling in the direction of Stanton, and while the Schneider truck was in the act of passing the Finch truck, a collision occurred between the two vehicles, as a result of which the Finch truck cut diagonally to its right and ran into a tree about fifteen feet off the main traveled portion of the highway. After the impact, Scobie Finch, Sr., was found dead in the truck. His widow, Nannie Finch, and his four children who were riding with him in the cab of the truck suffered minor injuries. One of the children has since died, but there is no suggestion or claim that there was any connection between his death and the accident.

Separate actions were instituted by the estate of Scobie Finch, his widow and three children. Judgments were rendered for $300 each for two of the children, $750 for one, $1,000 for the widow, and $16,075 for the estate. The latter judgment included $1,500 for damages to the Finch truck and $575 for funeral expenses. Upon the appeal, it is insisted that the judgments are erroneous upon one or more of the following grounds, which we shall discuss in the order here given:

(1) Failure of the court to sustain the plea of limitations.

(2) Failure of the court to sustain appellants' motion for a directed verdict.

(3) Erroneous instructions.

(4) Incompetent evidence admitted over the objections of appellants.

The clerk's endorsement of filing indicated that all petitions were filed on August 4, 1951. The summonses in the actions by the administratrix and one of the children were dated August 6, 1951, which was a year and a day after the accrual of the cause of action, as time is computed under the rule in force in this State. The summonses in the other three actions were dated August 4. A plea of the statute of limitations was interposed in the action by the estate of Scobie Finch and was traversed by the reply.

During the October, 1951, term of the Powell Circuit Court, upon motion of counsel for the estate, an order was entered directing that the date of the summonses be changed to August 4. The order recites that it was based upon the testimony of the clerk, and one of the attorneys for plaintiff indicating that the summonses were actually issued on August 4 but were dated Au-

gust 6 through a mistake of the clerk. The order was entered without notice to the defendants and on a day other than the first day of the term. Section 367a–9, Civil Code of Practice, provides that ordinary actions shall be docketed for the first day of the term, and Section 367a–10, Civil Code of Practice, provides that equity actions shall be docketed for the third day of the term. In Associated Electric Co. v. Fitch, 312 Ky. 328, 227 S.W.2d 432, it was held that an order entered in equity actions without notice to the adverse party on a day other than the third day of the term was void. In Sachs v. Hensley, 220 Ky. 226, 294 S.W. 1073, Section 367a–9, Civil Code of Practice, was construed as requiring notice to an adverse party when an order was entered in an ordinary action on some day other than the first day of the term. The two Code sections relating to ordinary and equity actions are practically identical except as to the day of the term for which the actions are to be docketed, and if we follow the Fitch case, supra, the order changing the date of the summonses was void.

■■ Section 39, Civil Code of Practice, provides that an action is commenced by filing in the office of the clerk of the proper court a petition stating the plaintiff's cause of action and by causing summons to be issued or a warning order made thereon. KRS 413.250 provides that an action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the action. Appellee's reply did not allege that the date appearing on the summonses was the result of a mistake upon the part of the issuing officer, as required under the provisions of KRS 61.060, and no testimony was introduced upon the trial to support this fact. Upon the face of the record, ignoring the void order of correction, the plea of limitations should have been sustained in the action by the administrator of Scobie Finch. Upon a subsequent trial, appellee's administratrix will, of course, be permitted to amend her pleadings and if upon the proper allegation it appears that the summonses were actually issued on August 4 and the later date was inserted through a mistake of the clerk, the plea of limitations should not prevail.

It may be remarked here that this Court, as presently constituted, is not convinced that the opinion in the Fitch case is sound. If the result reached in the present case was entirely dependent upon its authority, we would be inclined to re-examine the question. However, other errors in the record require a reversal, and in view of the fact that the new rules of civil procedure are soon to supplant our present Practice Act, our reconsideration of the question would be of only academic interest.

■ Appellants insist that their motion for directed verdicts should have been sustained because there is no more than a scintilla of evidence indicating negligence on the part of the driver of the Schneider truck. Mrs. Finch, who was riding with her husband, and Morgan Tipton, who was in the car following the Finch truck, testified that appellants' truck struck the Finch truck while in the act of passing at a time when the latter was on its right side of the road. Although the testimony of these witnesses was weakened on cross-examination, contradicted by the driver of appellants' truck, and was not altogether consistent with the marks on the Schneider truck, we are not prepared to say that the evidence amounted to no more than a scintilla.

Appellants insist that the instructions were erroneous both in the omission of some which should have been given and in the inclusion of some which should have been omitted. Our examination reveals several errors, at least one of which we regard as prejudicial.

■ Appellants offered an instruction defining the duties of the driver of the Finch truck, which included the duty not to have more than three persons on the seat occupied by the driver so as to obstruct his view to the front and sides of the vehicle or as to interfere with his operation and control thereof. The court gave the instruction after striking the provision relating to the number of occupants in excess

of three interfering with the driver's control of the vehicle. KRS 189.470(1) provides:

"No person shall operate a vehicle when it is so loaded, or when there are in the front seat such number of persons, exceeding three, as to obstruct the view of the operator to the front or sides of the vehicle or as to interfere with the operator's control over the vehicle."

Under the express provisions of the statute, it is unlawful to operate a vehicle with more than three persons in the front seat if the excess number obstruct the view of the driver to the front or sides of the vehicle, or interfere with his control. The circumstances of the accident were such as to suggest the possibility that there was an interference with the driver's control of the Finch truck, and it was prejudicial to omit from the instruction one of the statutory conditions which made it unlawful to operate the vehicle with the number of occupants which were shown.

██ Instruction No. 1, in defining the duties of the driver of the Schneider truck, required him, among other duties, to operate his truck at a reasonable rate of speed, to keep a lookout ahead, and to travel on the right side of the highway. It is conceded that he saw the Finch truck, and there is no suggestion that he failed to observe the duty of keeping a lookout. Neither is there any evidence indicating that the speed of either vehicle was the proximate cause of the accident. The question of whether a party is negligent in particulars with respect to which no negligence is shown should not be submitted to the jury. O'Neil & Hearne v. Bray's Adm'x, 262 Ky. 377, 90 S.W.2d 353.

██ Complaint also is made that the same instruction fails to advise the jury that appellant Clark in passing the Finch truck should pass to the left. It would have been preferable to follow the express provisions of KRS 189.340(1) in defining the duties of Clark in passing the Finch truck, but we do not think the jury was misled in this respect by the instruction as given.

It is insisted by appellants that incompetent evidence was admitted in several instances. A discussion of all of the evidence about which complaint is made, with an expression of our conclusions as to its competency or incompetency, would unduly lengthen this opinion without deciding any question of importance. We shall, therefore, discuss only such evidence as we consider incompetent.

██ Upon the trial, an ordinary stenographic notebook was introduced which contained original entries in the handwriting of Scobie Finch, purporting to show his receipts and expenses as a trader in livestock. Generally, books kept or original entries made in the ordinary course of the business of the person keeping the books or making the entries are competent. Gus Dattilo Fruit Co. v. Louisville & Nashville R. Co., 238 Ky. 322, 37 S.W.2d 856. We have examined the book introduced here and we find many entries which have a line drawn through them. It is impossible to determine what is meant by these entries, and for that reason, it cannot be determined whether the books indicate that there was a net income or a loss from the operation of the business. The net earnings of the decedent were material as affecting the loss to his estate on account of his death. If the book or record introduced was sufficient to indicate the amount of his income, it would have been competent for that purpose. However, our examination reveals it to be completely unintelligible and its admission was erroneous.

Other alleged errors which probably will not be repeated on a subsequent trial are reserved and no opinion is expressed concerning them.

In the cases of Nannie Finch, individually and as administratrix of the estate of Scobie Finch, and Nannie Finch, as next friend for Scobie Finch, Jr., the judgments are reversed for proceedings consistent with this opinion. In the cases of Nannie Finch, as next friend for Wanda Finch and Bonnie Finch, the motions for appeals are sustained and the judgments are reversed for proceedings consistent with this opinion.