PARTEE v. RYAN.

RICE v. RYAN.

WOODS v. RYAN.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Charles W. Anderson, Jr., Harry S. Mc-Alphin, Louisville, for appellants.

Woodward, Hobson & Fulton, Louisville, for appellee.

CULLEN, Commissioner.

A taxicab and a Ford convertible collided at the intersection of Eighth Street and Broadway in the City of Louisville. Three passengers in the taxicab sued the taxicab company and the owner of the Ford, for personal injuries. The cases were tried together and a verdict was returned holding the taxicab company responsible, but absolving the owner of the Ford. The taxicab company appealed, and the judgments were reversed by this Court, because of the admission of incompetent evidence. Lincoln Taxi Co. v. Rice, Ky., 251 S.W.2d 867. However the judgments were not reversed in so far as they relieved the Ford owner of liability, since there was no appeal by the three plaintiffs.

We now have before us an appeal by the three plaintiffs, seeking to reverse the judgments to the extent that they relieved the Ford owner of liability. The contention is that the instructions were erroneous, in that they submitted to the jury only the question of which of the two drivers ran through a red light at the intersection.

On the former appeal, we held that the instruction was proper, because no issue had been made on the trial other than the one as to which driver ran the red light. The argument on the present appeal is, that although the only issue made as between the two defendants was with respect to running the red light, there were issues raised as between the plaintiffs and the two defendants concerning speed, lookout and control, and the instructions should have covered these other issues.

We have read the evidence carefully, and do not find that there was any real issue made as to speed, lookout or control. The testimony of two of the plaintiffs' witnesses was designed to show that the taxicab ran the red light. Another witness for the plaintiffs testified positively that the Ford ran the light. While the question of speed was mentioned a few times, there was no effort to show that one of the drivers, having the green light in his favor, came into the intersection at an excessive rate of speed, or not keeping a proper lookout, or with his car not under control.

We think that the instructions were proper and adequate, not only as between the defendants, but as between the plaintiffs and the defendants. For the reasons stated in the opinion on the former appeal, there was no necessity to instruct on proximate cause.

The judgments are affirmed.