**Paul E. PRICE, Appellant,**

**v.**

**Ada Catherine PRICE and Alfred M. Milliner, Appellees.**

Court of Appeals of Kentucky.

March 6, 1964.

J. L. Richardson, Jr., Louisville, for appellant.

Eugene H. Alvey, J. D. Raine, Louisville, for appellee.

STEWART, Judge.

This is an appeal from a judgment in favor of appellee, Ada Catherine Price, of $3500 against appellant, Paul E. Price, her husband, and dismissing the claim of appellant against appellee, Alfred M. Milliner.

This action grew out of an automobile collision which occurred in Louisville on October 22, 1958, at about 7:25 a. m. Mrs. Price was a passenger in her husband's car which he was driving east on Algonquin Parkway. He entered the intersection at 16th Street and collided with the car operated by Milliner. The latter had been traveling west on Algonquin Parkway and was making a left turn south at 16th Street and into the path of the Price car.

Appellant sued Milliner for $4154 for property damage and personal injuries. Mrs. Price intervened, seeking to recover for personal injuries from both her husband and Milliner. The case was tried by a jury, which returned a verdict finding appellant solely responsible for the accident, awarding Mrs. Price the above amount against appellant and denying appellant recovery on his own claim against Milliner.

Three grounds are urged for reversal of the judgment: (a) That appellant under the evidence presented should have been granted a directed verdict; (b) that an instruction dealing with the speed of appellant's automobile should not have been given; and (c) that the jury should not have been allowed to assess damages on the basis of the permanent injury of Mrs. Price. Each of these contentions will be discussed and disposed of in the order named.

Appellant testified that, as he approached the intersection, he found his lane of traffic blocked by another motorist who was waiting and signaling to turn north onto 16th Street. Approximately 100 feet from the intersection, he pulled from the lane nearest the center line to the lane nearest the curb, continuing unabated his speed of 30 miles per hour. He stated that the light was green for traffic on Algonquin Parkway, so he proceeded into the intersection. The front of appellant's car hit the right side of Milliner's car about the middle of the front fender and the door. Mrs. Price's version of the mishap is substantially the same as her husband's.

Milliner testified he was going west on Algonquin Parkway and had just come under a viaduct in one-lane traffic and was driving up an incline towards the intersection which was at the top of the incline. When the street widened into two-lane traffic, about halfway up the incline, Milliner entered the lane nearest the center line and made an arm signal indicating an intention to make a left turn. He said that, just as he reached the crosswalk at the intersection, the traffic light turned yellow. He eased out into the intersection at five miles per hour or less, made his left turn and was struck by appellant's vehicle. He stated that when he first saw appellant's car he had already made his left turn and that he saw the Price car just before the impact. He testified that he saw the traffic light turn red just before the collision.

Robert Downing, a truck driver for the Louisville Linen Service, was an eyewitness to the accident. He testified he was driving his truck west on Algonquin Parkway and had stopped near the intersection in the lane nearest the curb, waiting to turn north onto 16th Street. He said that Milliner was in the intersection; that he had started to make his turn when he (Downing) saw appellant's car; and that the traffic light was green when Milliner passed in front of him, but "almost at the time of the accident the light changed."

The deposition of Mitchell Russ, who was Downing's helper and a passenger in Downing's truck, was read. He stated that Milliner passed the truck at a speed of 10 miles per hour; he did not stop before he made his turn; and he entered the intersection while the traffic light was green. He said the light changed to yellow while he was in the intersection and before the collision. According to Russ, he did not see appellant's car in the intersection when Milliner started his turn; in fact, he saw appellant's car only a "split second" before the collision.

Under the facts presented, should a directed verdict have been given for appellant? We believe the trial judge correctly held he was not entitled to such an instruction.

From the testimony it appears a question is posed in this case as to whether the traffic light was green when appellant entered the intersection. He maintains it was green in his favor and that this "go" light gave him the absolute privilege to proceed without slowing down. Assuming, however, the light was in fact green, such a signal is not a command to go ahead at full speed, regardless of other persons or vehicles that may already be in the intersection, but is a qualified invitation to drive carefully in the direction indicated. See Roland v. Murray, Ky., 239 S.W.2d 967, 970.

According to his own testimony, as he approached, he saw another car stopped at the intersection facing the same way he was traveling, signaling for a left turn *but not moving*. This in itself should have alerted him to the fact that other traffic could already be in the intersection.

Milliner testified he passed into the intersection before appellant and as the traffic light was changing to yellow; he traveled from the point where he entered 16th Street 25 to 30 feet before he reached the place where he was struck; and, at or near the moment of impact, the light was red for traffic on Algonquin Parkway.

Under the facts recited, a jury could justifiably believe appellant paid little regard to any traffic about to be in, or already in, the intersection before he drove into it, because he did not decrease his speed. They could also justifiably believe from Milliner's testimony that appellant entered the intersection on a red light.

■ Therefore, it is our opinion the verdict of the jury finding appellant solely responsible for the accident is fully supported by the evidence.

Appellant next argues that two of the instructions given to the jury were prejudicially erroneous.

■ "Instruction 1(c)" declared it was the duty of both drivers to operate their cars at a "rate of speed which was reasonable and proper, having due regard for the traffic and the use of the streets at the time and place." Appellant argues that this instruction should not have been given because there was no evidence of excessive speed and because the speed of appellant played no part in the accident.

Milliner takes the position that the instruction is correct. It is his view that speed did have an important bearing in producing the event which is the subject of this law suit; for, if appellant had been traveling at a slower rate of speed, he may not have struck the Milliner automobile. (By the same token, if Milliner had been going faster, appellant might have missed him.)

In Fono v. Hinton, 313 Ky. 213, 230 S.W. 2d 906, this Court held that under certain circumstances it may be negligent to travel within permissible speed limitations. It seems that such circumstances were present here, namely, there was congested traffic and there was a car and a truck signaling for turns at the intersection, with the result that appellant could be considered negligent by a jury in swerving into a new traffic lane and maintaining his speed into the intersection.

Sparks v. Doe, Ky., — S.W.2d —, contains this pertinent statement: " * * the enumeration of a driver's basic duties in a single instruction (and the instruction was so phrased in the case at bar) does not emphasize any one of them over the others and does not so invite speculation that we can justifiably find prejudice in the inclusion of a duty just because it is technically irrelevant."

We conclude the complaint as to the above instruction is without merit.

■ "Instruction 5" submitted to the jury the question of the permanent injury of Mrs. Price and it is contended it should not have been given because there was no certain and definite evidence of this character of injury.

Mrs. Price works as a laborer at the Louisville & Nashville railway shops in Louisville, cleaning locomotives. She returned to her job eight months after the accident and has continued in her employment. Her injury from the accident consisted of a fracture of the left hip socket which necessitated putting a pin through the bone. Dr. O. James Hurt, an orthopedic surgeon in Louisville who treated Mrs. Price, testified that X-rays showed some arthritic changes in her left hip joint and that she had some limitation of internal rotation. He stated the arthritic condition was a direct result of the automobile accident and that the changes would perhaps not improve.

Appellant points out that there is no evidence that Mrs. Price has or will suffer permanent impairment from the arthritis. This Court has held that a permanent injury instruction should not be given where there is no certain and definite evidence that the injury may be permanent and where the evidence as to the permanency of the injury is speculative and conjectural. See Black v. Bishop, 306 Ky. 524, 207 S.W.2d 22; H. & S. Theatres Co. v. Hampton, 300 Ky. 677, 190 S.W.2d 39; and Bray-

Robinson Clothing Co. v. Higgins, 219 Ky. 293, 293 S.W. 151.

Mrs. Price contends the instruction could not have been prejudicial, for the jury awarded her only $3500, although she proved medical bills of $543.60 and wage losses of $2903.24, a total of $3446.84. In Louisville & N. R. Co. v. Bowman, 208 Ky. 39, 270 S.W. 471, 472, a verdict of $1500 was upheld where an instruction was given authorizing a recovery for permanent injuries on very slight evidence of such condition, for the reason that the amount awarded was no more than reasonable compensation for the injuries received, "without reference to the evidence of their permanency, so that this instruction could not be considered prejudicial."

We conclude the Bowman case governs the point raised as to the permanent injury instruction.

Wherefore, the judgment is affirmed.