**John C. SCHWEITZER, Appellant,**

**v.**

**Shirley B. GOOD, Appellee.**

Court of Appeals of Kentucky.

June 5, 1964.

Edward J. Hogan, Henry V. B. Denzer, Louisville, for appellant.

Ephraim K. Lawrence, Jr., J. Walter Clements, Louisville, for appellee.

MELVIN T. STUBBS, Special Commissioner.

This is an appeal from a judgment in favor of Shirley B. Good in the amount of $7500. Motions of appellant for a new trial, or, in the alternative, for judgment

notwithstanding the verdict, were overruled. Appellant contends that the trial court erred in failing to give appellant's offered instructions, and further contends that the appellee was contributorily negligent as a matter of law and that the trial court erred in failing to direct a verdict in favor of appellant.

This litigation involves an intersectional collision of motor vehicles occurring in the City of Louisville. On June 13, 1959, an automobile, owned and operated by appellant, John C. Schweitzer, northwardly on Jackson Street, collided with an automobile being driven by appellee, Shirley B. Good, westwardly on Breckinridge Street. Jackson is a one-way street for northbound traffic and Breckinridge one-way for westbound traffic. Both are four-lane streets and the movement of traffic, at the intersection, is controlled by an electrical traffic signal, which overhangs the center of the intersection. Situated in the front seat with appellee were her husband, who was seated next to the right door, appellee's aunt, seated next to appellee, and appellee's three-year-old cousin, who was standing on the front seat between appellee and her aunt. An adult and two children occupied the rear seat of appellee's vehicle. The only passenger in appellant's automobile was his mother.

· Appellee testified that when her automobile reached Hancock, which is one square east of Jackson, she noticed that the traffic light at the intersection of Jackson and Breckinridge was red for traffic moving west on Breckinridge. At this time she was traveling at approximately 30 miles per hour and, as she traveled west, toward the intersection, she started slowing down. She testified that when her automobile reached a point about 45 to 60 feet from the intersection the traffic light changed from red to green, at which time she accelerated the speed of her vehicle to about 25 or 30 miles per hour and entered the intersection on the green light. Appellee testified that she neither observed appellant's automobile enter the intersection, nor did she ex-

pect traffic to be approaching from her left as she entered the intersection, because the light was green in her favor; further, that she did look for traffic approaching north on Jackson when she was two or three car lengths from the intersection, but that she did not see appellant's automobile before the impact.

At the trial, it was stipulated that there is situated at the southeast corner of Jackson and Breckinridge, a three-story building, with neither front nor side yard, and that the building extends out to the sidewalk. Appellee testified that such building would prevent her from seeing traffic traveling north on Jackson, and approaching the intersection, until such time as her vehicle, traveling west on Breckinridge, would reach a point approximately two car lengths from the intersection. She estimated a car length to be about 15 feet.

The three adult passengers in appellee's vehicle were called as witnesses, but none could testify as to the color of the light at the time appellee's automobile entered the intersection. Maggie Ruth Love, appellee's aunt, seated in the front seat of the vehicle, testified that she observed the traffic light to be red for westbound traffic on Breckinridge when their vehicle was about half a block from the intersection. She testified that she did not observe the traffic light thereafter. Hobard Love, who was seated on the rear seat of appellee's vehicle, testified that the traffic light was green for westbound traffic on Breckinridge when the vehicle was 35 feet east of the intersection, and that he did not observe any northbound vehicles on Jackson. Fred P. Good, husband of appellee, a passenger in the front seat, and seated next to the right door, testified that at the time of the impact, and immediately prior thereto, he was looking to the north and that he had not observed the color of the traffic light governing westbound traffic on Breckinridge.

Appellant, Schweitzer, testified that he first observed the traffic light at Jackson and Breckinridge just after his vehicle had

crossed Kentucky Street, which is two squares south of Breckinridge, and, that at the time, the traffic light was red for northbound traffic on Jackson; that when his vehicle reached a point on Jackson, approximately 80 to 100 feet south of its intersection with Breckinridge, the traffic light changed to green in his favor and he entered the intersection on the green light. Appellant testified that an automobile, approximately four car lengths in front of his vehicle, preceded him into the intersection, and that there was a vehicle, being operated northwardly on Jackson, to his left rear as he entered the intersection. The automobile to appellant's left rear was being driven by Edward P. Brown. Appellant testified that he first observed appellee's vehicle when it was 15 to 20 feet east of the intersection on Breckinridge, at which time his own vehicle was at the south crosswalk at Breckinridge, and that he immediately applied his brakes. The collision occurred in the intersection with the left front of appellee's vehicle colliding with the right front of appellant's automobile. As a result of the impact, appellant's vehicle was caused to collide with the Brown vehicle traveling to its left. Catherine M. Schweitzer, mother of appellant, was a passenger in his automobile at the time of the collision. She testified that her son's vehicle entered the intersection on the green light. Edward P. Brown, operator of the vehicle to the left of appellant's automobile, testified that both his vehicle and appellant's vehicle entered the intersection with the green light in their favor. Edna, wife of Brown, and a passenger in his automobile, testified that the Brown vehicle entered the intersection when the light was green for northbound traffic on Jackson.

Both appellee and appellant sought recovery for personal injuries sustained in the accident. In addition, Fred P. Good, a plaintiff below, owner of the vehicle being operated by appellee, sought recovery for damage occasioned to his vehicle. In his counterclaim, Schweitzer also sought recovery for the damage occasioned to his

vehicle. The jury awarded appellee $7500, and awarded to her husband, Fred P. Good, $228, and found for the Goods on the counterclaim of Schweitzer.

The first two grounds assigned as error by appellant relate to the failure of the trial court to give appellant's offered instructions. It is contended that such failure was prejudicial to appellant so as to entitle him to a new trial. One of appellant's offered instructions, refused by the trial court, was similar to that appearing in Stanley's Instructions to Juries, Section 323, and to the effect that appellee could not recover for injuries "caused at some other time, or by some other means." Appellant contends that he was entitled to this instruction since the testimony revealed that appellee had been involved in automobile accidents both prior and subsequent to the accident out of which this action arose. There is nothing contained in the record to indicate what injuries, if any, appellee sustained in the prior accident. She testified that in the subsequent accident, which occurred in November, 1959, her knees were bruised and she was shaken up. There is no evidence of any further injury resulting to her from that accident. Medical testimony adduced on the trial of this case reveals that appellee sustained injuries, in the accident giving rise to the case at bar, which resulted in a permanent deformity to her pelvis and which could interfere with normal childbirth. Dr. Richard T. Hudson, orthopedic surgeon, also testified that appellee had a herniated lumbar disc. The diagnosis of the disc condition was made by Dr. Hudson in June, 1960; however, his testimony attributed the condition to injuries sustained in this accident.

■ Appellant cites, in support of his contention that the trial court erred in failing to give the offered instruction, the case of Spencer v. Matthews, Ky., 247 S.W.2d 515, and that of Louisville & Nashville Railroad Company v. Mattingly, Ky., 318 S.W. 2d 844. However, the facts in these cases are distinguishable from those in the case

at bar. In the former case, Spencer had suffered a compound fracture of the leg about three years before the accident in question. This injury had caused a slight shortening of the leg, and, up until a week or two before the second accident, he had worn a metal brace. In the latter case, Mattingly had suffered a prior injury and an arthritic involvement which predated the injuries he received on the railroad. In both cases, pre-existing injuries were definitely established. In the case at bar there is no establishment of either pre or post injuries as would entitle appellant to his offered instruction. The trial court's instructions in the case at bar provided for damages sustained by appellant "as the direct and proximate result of the injuries, which were the direct and proximate result of the aforementioned collision." In the opinion of the court, this was both proper and adequate under the facts in the case.

Appellant next contends that the trial court erred in refusing to give his requested instruction based on KRS 189.470 relating to more than three persons being in the front seat of a vehicle. KRS 189.470 provides:

"(1) No person shall operate a vehicle when it is so loaded, or when there are in the front seat such number of persons, exceeding three, as to obstruct the view of the operator to the front or sides of the vehicle or as to interfere with the operator's control over the vehicle.

"(2) No passenger in a vehicle or street car shall ride in such a position as to interfere with the operator's view ahead or to the sides, or to interfere with his control over the vehicle or street car."

Under this statutory provision, it is unlawful to operate a vehicle with more than three persons in the front seat if the excess number obstructs the view of the driver to the front or sides of the vehicle, or interferes with his control thereof.

There is no testimony in the case at bar which even suggests that the presence of the fourth person in the front seat, the three-year-old child, obstructed the view of Mrs. Good, the operator, or interfered with her control over the vehicle. The child was standing on the seat to the right of appellee and could not possibly have interfered with appellee's view to the left, the direction from which appellant's automobile entered the intersection. The evidence does not disclose, nor can we infer therefrom, that the presence of four persons in the front seat of the vehicle had any causal connection with the accident. Although the presence of four persons in the front seat may constitute negligence, it was not a causative factor in the accident.

In the case of Clark v. Finch's Adm'x., Ky., 254 S.W.2d 934, two adult persons and four children were riding in the cab of the Finch truck. Appellant offered an instruction defining the duties of the driver of the Finch truck, which included the duty not to have more than three persons on the seat occupied by the driver so as to obstruct his view to the front or sides of the vehicle, or to interfere with his control thereof. The trial court gave the instruction after striking the provision relating to the number of occupants in excess of three interfering with the driver's control of the vehicle. In such case we held:

"* * * The circumstances of the accident were such as to suggest the possibility that there was an interference with the driver's control of the Finch truck, and it was prejudicial to omit from the instruction one of the statutory conditions which made it unlawful to operate the vehicle with the number of occupants which were shown."

Appellant cites, in support of his contention, Coy v. Hoover, Ky., 272 S.W.2d 449, and Tennessee Products & Chemical Corporation v. Miller, Ky., 282 S.W.2d 52, in which cases the court cited, with approval, the decision in Clark v. Finch's

Adm'x., supra. These were cases in which four persons occupied the front seat of the vehicles and in which this court approved the giving of an instruction under KRS 189.470. While it appears that this Court, in such cited cases, adopted a somewhat more liberal rule as to the circumstances under which the instruction should be given, we have not held, nor do we now, that the mere presence of more than three persons in the front seat of a motor vehicle which is involved in a collision is, in itself, sufficient to support an instruction under KRS 189.470. Under the facts in this case, we conclude that the trial court properly refused appellant's offered instruction under KRS 189.470.

■ Finally, appellant contends that appellee was contributorily negligent as a matter of law in failing to keep a lookout ahead, and that the trial court erred in submitting the matter to the jury and in overruling appellant's motion for judgment notwithstanding the verdict. With this contention we do not agree. Appellee testified that before entering the intersection, and when she was two or three car lengths therefrom, which distance she judged to be 30 to 45 feet, she looked to her left but observed no traffic moving north on Jackson at or near the intersection. She further testified that when her vehicle entered the intersection the traffic light was green in her favor.

The trial court, in addition to instructing the jury that it was the duty of each party not to enter the intersection on the red light, instructed on the reciprocal duties of the drivers to keep a lookout ahead, to keep the automobile under reasonable control and to use ordinary care. Since there was an issue made in this case that appellee failed to maintain a proper lookout, the instruction was proper under Roland v. Murray, Ky., 239 S.W.2d 967. Had the issues been so formed that the only negligence charged against either party consisted of running the red light, the trial court might have limited its duty instruction to that one issue. Meglemry v. Bruner, Ky., 344 S.W. 2d 808; Partee v. Ryan, Ky., 261 S.W.2d 637; Lincoln Taxi Co., Inc., et al. v. Rice et al., Ky., 251 S.W.2d 867.

It is well settled that while a motorist, entering an intersection on a green light, has a right to rely on the assumption that those at the intersection, faced with a red light, will respect such light, he is not relieved of other recognized legal duties, one of which is to maintain a proper lookout. Under the circumstances in the case at bar, the question whether or not appellee maintained a proper lookout and, if she failed to maintain a proper lookout, whether such failure was the proximate cause of the collision was a factual issue for the jury to determine. Curry's Adm'x. v. Travelsted, Ky., 271 S.W.2d 37. The trial court properly overruled appellant's motions for a directed verdict and for judgment notwithstanding the verdict.

Wherefore, we recommend that the judgment of the Jefferson Circuit Court be affirmed.

The opinion is approved by the Court and the judgment is affirmed.