## CINCINNATI, NEWPORT & COVINGTON TRANSPORTATION CO. et al., Appellants,

v.

## Edmund COYLE, Appellee.

Court of Appeals of Kentucky.

May 17, 1968.

John J. O'Hara, James G. Osborne, O'Hara, Ruberg & Cetrulo, Covington, for appellants.

James N. Stein, Covington, for appellee.

DAVIS, Commissioner.

Edmund Coyle obtained judgment pursuant to a jury verdict of $12,875.98 against Cincinnati, Newport & Covington Transportation Co. and Roy H. Martin, its bus driver, for personal injuries and property damage sustained in a collision between Coyle's automobile and a bus operated for the company by Martin. On this appeal it is contended (1) that the appellee was contributorily negligent as a matter of law, and (2) improper closing argument was made by counsel for appellee.

The accident occurred on March 4, about 2:45 p. m., while it was raining heavily. The bus was proceeding northwardly down Dixie Highway toward Cincinnati; the appellee was traveling westwardly along South Arlington Road, intending to turn left upon Dixie Highway at its intersection with South Arlington Road. Dixie Highway is a four-lane main thoroughfare, and South Arlington Road is an inferior two-lane street. An electric traffic signal was in operation at the intersection, and according to the evidence for the appellee, when he reached the intersection he stopped his automobile in obedience to the red light against him. According to appellee's evidence, in which he is somewhat corroborated by a police officer who was near the scene of the accident, the traffic light changed to green for appellee, and he proceeded into the intersection on the green light; and his car was struck by the bus which had come into the intersection against the red light. The bus driver and some of his passengers testified that the light was green for the bus when it entered the intersection.

Appellants' contention that appellee was contributorily negligent as a matter of law is based upon their interpretation of the physical facts. The bus traveled in the extreme right or curb lane and did not deviate from that path. Both the bus and the automobile were traveling slowly, and appellee testified that he had just gotten his front wheels onto the highway when the collision occurred. The chief damage to appellee's car was to the front left fender, hood, grill, bumper, and right front fender. The evidence reflects that slight damage was done to the bus in front of the right front wheel and between that wheel and the front door of the bus. There was no visible damage to the front portion of the bus, according to evidence for the appellants. In short, appellants argue that appellee ran into the side of the bus; thus conclusively showing that

appellee was negligent. The appellee testified that when he started to "pull out" he noticed the bus "a couple of car lengths up here, I thought he was going to stop, he was going at a slow rate of speed and I had the green light so I started out." There was a white line on South Arlington Road at which appellee brought his car to its original stop. This line is a short distance east of the intersecting edge of Dixie Highway. According to appellee, after he had remained stopped for about ten seconds, he slowly proceeded after the light turned green for him and got about four or five feet into Dixie Highway when the collision occurred.

Appellants assert that the bus is bound to have been so close upon appellee as to clearly demonstrate that appellee acted negligently in attempting to enter the intersection even with the green light, since it must or should have been apparent to the appellee that the bus was proceeding through the intersection and that a collision was inevitable. If the facts were susceptible to no other conclusion than that suggested by the appellants, the contention of appellants would be correct. It is our view, however, that the facts do not impel the conclusion reached by appellants as to the manner in which the accident occurred. We agree with the observation made by the trial judge when he overruled appellants' motion for directed verdict based on contributory negligence as a matter of law and said: " * * * even if he saw the bus I think reasonable minds could differ on whether he had the right to rely on the fact that the bus would observe the law and stop for a red light." As we view the evidence, there was a jury issue as to whether appellee had the green light and whether the bus was being operated in such a manner and at such a place in the highway as would warrant appellee's reasonably believing that the bus would obey the traffic signal and that the entry into the intersection could be made in safety.

Appellants cite Price v. Price, Ky., 376 S.W.2d 522; Potts v. Krey, Ky., 362 S.W. 2d 726; Gasparac v. Castle, Ky., 330 S.W. 2d 111; George v. Evans, Ky., 405 S.W.2d 285; and Schweitzer v. Good, Ky., 380 S.W.2d 809. None of the cited cases may be said to exactly parallel the present case on its facts, nor does any of them enunciate any legal principle upon which it may be said that appellee's conduct was, as a matter of law, negligent.

The appellants did not request any instruction suggesting that appellee had a duty not to enter the intersection even on a green light if he saw, or should have seen, that the bus was proceeding through the intersection without regard to the light. Hence, we do not have the question which was presented in Walker v. Farmer, Ky., 428 S.W.2d 26, decided May 17, 1968.

In his closing argument, counsel for appellee made the following statement to which appellant's objection was overruled:

"Ladies and gentlemen, there has been a lot said about seeing to the left when you are coming down this road here. If you can't see to the left or right it would have [made] no difference if you have got a green light and you proceed out into the intersection, you are allowed to do that, if they had a flood wall built there you would still be allowed to pull out, he has got the green light and he is allowed to go out into the highway."

We are unable to perceive that the argument was erroneous or prejudicial. As pointed out by the appellee, the argument did not purport to be a factual reference to the case under consideration, since there was obviously no flood wall involved—rather it was a hypothetical reference seeking to respond to the argument already advanced by the appellants. Numerous authorities are cited by both sides touching errors and claimed errors in arguments of counsel, but no useful purpose would be served by reciting or analyzing the many well-known decisions in this area of the law, as we are

persuaded that no prejudicial error occurred by reason of the argument.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.